# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RAMONE L. WRIGHT,**

    **Petitioner,**

    **v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**

CRIM CASE NO. 2:16-CR-00059
CIV CASE NO. 18-CV-00120
Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION AND ORDER

This matter is before the Court on Respondent's Motion to Hold Answer in Abeyance, (Doc. 63), Petitioner's Motion to Amend (Doc. 65), and Petitioner's Motion to Waive Attorney Client Privilege (Doc. 66). For the reasons that follow, Respondent's Motion to Hold Answer in Abeyance (Doc. 63) and Petitioner's Motion to Waive Attorney Client Privilege (Doc. 66) are **GRANTED**, subject to the limitations described herein. Respondent shall have **fourteen (14) days** from the date of this Order to file an answer, motion, or other response to Petitioner's motion to vacate in accordance with the provisions of Rule 5 of the Rules Governing § 2255 Proceedings in the United States District Courts. Petitioner may have **twenty-one (21) days** thereafter to submit a reply to Respondent's answer or other pleading. Further, it is **RECOMMENDED** that Petitioner's Motion to Amend (Doc. 65) be **DENIED**.

I.    **BACKGROUND**

Pursuant to a negotiated plea agreement, Petitioner, a federal prisoner, was convicted of two counts of violating the Hobbs Act, 18 U.S.C § 1951, and two counts of brandishing a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc.

49-1). Petitioner was sentenced on February 15, 2017. (*Id.*). Petitioner filed an appeal of that judgment on June 14, 2017. (Doc. 53). On September 1, 2017, the Sixth Circuit Court of Appeals dismissed that appeal *sua sponte* as untimely without prejudice to any remedies Petitioner may have under 28 U.S.C. § 2255. (Doc. 56).

On February 14, 2018, Petitioner moved this Court to vacate, set aside, or correct his sentence pursuant to § 2255, asserting that he was denied the effective assistance of trial counsel at the plea agreement and sentencing stages. (Doc. 60). On March 5, 2018, Respondent was ordered to answer Petitioner's motion to vacate by March 26, 2018. (Doc. 62). Respondent subsequently moved this Court to hold that answer date in abeyance pending Petitioner's waiver of his attorney-client privilege asserting that Respondent could not answer Petitioner's allegations without such a waiver. (Doc. 63). Because Petitioner's memorandum in opposition to Respondent's motion to hold in abeyance was due April 3, 2018, the Court stayed the answer date until after the April 3, 2018, deadline expired. (Doc. 64). Petitioner did not, however, oppose the motion to hold in abeyance. Instead, on March 23, 2018, Petitioner filed a Motion to Waive Attorney-Client Privilege. (Doc. 66). Petitioner's motion to waive privilege incorrectly indicates that this action is pending in the United States District Court for the Northern District of Ohio. (*Id.*). Respondent did not oppose Petitioner's motion to waive privilege or otherwise indicate that Petitioner's motion would not suffice as a formal waiver.

In the interim, on March 16, 2018, Petitioner filed a Motion to Amend his § 2255 motion to vacate pursuant to Rule 15 of the Federal Rules of Civil Procedure ("FRCP 15"). (Doc. 65). In that motion to amend, Petitioner seeks to add a claim alleging that trial counsel was ineffective for failing to object to a defect in the indictment. (*Id.*). Specifically, Petitioner alleges that indictment was defective because "when . . . charging Title 18 U.S.C. § 1951 [the

indictment] did not provide what subsection of the code [P]etitioner was being charged under, i.e. (a) or (B) . . . . (*Id*. at PAGEID #: 216.).

## II. DISCUSSION

### A. Petitioner's Waiver of Attorney-Client Privilege is Sufficient

For good cause, the Court **GRANTS** Respondent's unopposed motion to hold the answer in abeyance. (Doc. 63). Respondent sought to stay the answer date until Petitioner waived the attorney-client privilege. Petitioner already impliedly waived that privilege as it relates to the ineffective assistance of counsel claims in his § 2255 motion. *See In re Lott*, 424 F.3d 446, 452–54 (6th Cir. 2012) (explaining that implied waiver of privilege typically occurs in habeas proceedings when a petitioner asserts that his counsel was ineffective); *Shafer v. United States*, Nos. 17-cv-0423; 15-cr-0096, 2018 WL 565278, at * 3 (S.D. Ohio Jan. 25, 2018) (explaining that courts routinely find a limited, implied waiver of attorney-client privilege in § 2255 proceedings alleging ineffective assistance of counsel). Nevertheless, it has been this Court's practice to require a petitioner to submit a written waiver of his attorney-client privilege when he alleges ineffective assistance of counsel in a § 2255 motion. *See, e.g.*, *Szewczyk v. United States*, Nos. 2:11-cv-786, 2:10-cr-91, 2013 WL 950872, at *2 (S.D. Ohio Mar. 12, 2013), *adopted by*, 2013 WL 1664827 (S.D. Ohio April 17, 2013).

Although Petitioner's unopposed motion to waive attorney-client privilege is incorrectly captioned, the Court accepts that it serves as a formal waiver in this action. Accordingly, Petitioner's motion to waive privilege (Doc. 66) is also **GRANTED**. The Court instructs that the waiver of privilege is limited solely to any communications between Petitioner and his former counsel which may be pertinent to his claims for relief. *In re Lott*, 424 F. 3d at 453 (explaining

that "[c]ourts must 'impose a waiver no broader than needed to ensure the fairness of the proceedings before it.'") (quoting *Bittaker v. Woodford*, 331 F. 3d 715, 718–20 (9th Cir. 2003)).

### B. Petitioner's Amendment is Futile

Petitioner's Motion to Amend his § 2255 motion (Doc. 65), is governed by FRCP 15. *See* 28 U.S.C. § 2242; *see also* Rule 12 of the Federal Rules Governing Section 2255 Proceedings in the United States District Courts. FRCP 15(a)(2) provides that a court should "freely give leave" to amend "when justice so requires." Leave to amend should, however, "be denied when the amendment would be futile." *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 633 (6th Cir. 2009) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

The Sixth Circuit Court of Appeals has held that an attempt to amend a § 2255 motion is futile if the amendment is barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255(f)(1). *See Oleson v. United States*, 27 F. App'x 566, 570 (6th Cir. 2001) (holding that a motion to amend was futile because it was barred by the AEDPA's one-year statute of limitation). An amendment is barred by the AEDPA's one-year statute of limitations when it is untimely and it does not "relate back" to a timely original § 2255 motion. *See Dado v. United States*, No. 17-2013, 2018 WL 1100279, at * 3 (6th Cir. Feb. 15, 2018) (citing *Mayle v. Felix*, 545 U.S. 644, 650 (2005)); *United States v. Clark*, 637 F. App'x 206, 209 (6th Cir. 2016); *Howard v. United States*, 533 F.3d 472, 475–76 (6th Cir. 2008)). An amendment relates back to an original § 2255 motion if it "arose out of the

4

same conduct, transaction, or occurrence" set forth in the original pleading. *Clark*, 637 F. App'x at 209 (citing FRCP 15(c)(1)(B)). On the other hand, an amendment does not relate back if it "asserts new grounds for relief supported by facts that differ in both time and type from those the original pleading set forth." *Dado*, 2018 WL 1100279, at * 3 (citing *Mayle*, 545 U.S. at 650). Accordingly, when presented with an untimely amendment, a court must determine if it addresses the same "common core of operative facts" as the initial § 2255 motion. *Clark*, 637 F. App'x at 209 (citing *Mayle*, 545 U.S. at 664).

In this case, Petitioner was sentenced on February 13, 2017. (Doc. 47). He had fourteen days to directly appeal that judgment. *See* Fed. App. R. 4(b)(1)(A). Petitioner did not file a timely appeal. Instead, he filed an untimely appeal which the Court of Appeals dismissed *sua sponte*. (Doc. 56). Because he did not file a timely appeal, Petitioner's conviction became final when the fourteen-day period to file an appeal expired on February 27, 2017. *See Gillis v. United States*, 729 F. 3d 641, 644 (6th Cir. 2013) (explaining that "[a] conviction becomes final when the time for a direct appeal expires and no appeal has been filed, not when an untimely appeal has been dismissed"). Pursuant to § 2255(f)(1), the one-year statute of limitations to file a motion to vacate under § 2255 begins to run the next day, and it expired on February 28, 2018. Thus, Petitioner's proposed amendment, filed March 16, 2018, is untimely.

The undersigned further concludes that Petitioner's untimely amendment does not relate back to the original § 2255 motion. (Doc. 60). The original § 2255 motion sets forth the following grounds alleging that trial counsel was ineffective at the plea agreement and sentencing stages:

> **Ground One:** [Petitioner] was denied his Sixth Amendment right to effective assistance of counsel . . . when court appointed counsel . . . knowingly allowed [Petitioner] to take a plea agreement while on the prescription drug (Remeron) that affected [Petitioner's] right to understand anything during the plea agreement.

5

* * *

> **Ground Two:** [Petitioner] was denied his Sixth Amendment right to effective assistance of counsel . . .when counsel . . . failed to review [Petitioner's] Presentence Investigation report with him and counsel failed to make any objections at sentencing that prejudiced [Petitioner's] sentence.

(Doc. 60, at PAGEID #: 195–96). In contrast, the proposed amendment asserts that trial counsel was ineffective at the pre-trial stage for failing to object to an alleged defect in the indictment. (Doc. 65). To be sure, the grounds asserted in the amendment and the original motion all involve ineffective assistance of counsel claims. Nevertheless, Petitioner cannot satisfy the relate back standard by raising ineffective assistance claims in his original motion and then amending to assert an ineffective assistance claim that is based upon allegations of an entirely distinct type of attorney malfeasance. *See Watkins v. Deangelo-Kipp*, 854 F.3d 846, 850 (6th Cir. 2017) (citing *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005)).

Because the untimely amendment seeks to raise a new ground for relief based on facts that are different in both time and type than those alleged in the original § 2255 motion, the undersigned finds that the untimely amendment does not relate back. *See Clark*, 637 F. App'x at 209 (finding that an amendment alleging that appellate counsel performed ineffectively by failing to challenge drug amounts used to calculate a petitioner's base offense level did not relate back to an original § 2255 motion alleging that appellate counsel performed ineffectively by failing to challenge career offender enhancement); *Evans v. United States*, 284 F. App'x 304, 305, 313 (6th Cir. 2008) (denying discovery to determine whether trial counsel gave petitioner incorrect advice regarding sentence he would receive through a plea agreement; an ineffective assistance claim based on such facts would not relate back to an original § 2255 motion alleging that trial counsel performed ineffectively by failing to pursue particular avenues to impeach a

witness). Accordingly, because Petitioner's amendment appears to be time barred, it is **RECOMMENDED** that the Motion to Amend (Doc. 65) be **DISMISSED**.

## III. CONCLUSION

For the reasons stated, Respondent's Motion to Hold Answer in Abeyance (Doc. 63) and Petitioner's Motion to Waive Attorney Client Privilege (Doc. 66), are **GRANTED**. Further, it is **RECOMMENDED** that Petitioner's Motion to Amend (Doc. 65) be **DENIED**.

    **IT IS SO ORDERED**.

Date: April 20, 2018                                             /s/ Kimberly A. Jolson
                                                                                         KIMBERLY A. JOLSON
                                                                                         UNITED STATES MAGISTRATE JUDGE