UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ramone L. Wright,

 Petitioner,

v.

United States of America,

 Respondent.

Crim. Case No. 2:16-cr-59
Civ. Case No. 18-cv-120
Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

Petitioner, a federal prisoner, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("motion to vacate"). ECF No. 60. This matter is before the Court on Petitioner's motion seeking leave to amend the motion to vacate pursuant to Rule 15 of the Federal Rules of Civil Procedure ("motion to amend"). ECF No. 65. On April 20, 2018, the Magistrate Judge issued a Report and Recommendation and Order ("R&R") recommending that the motion to amend be denied.[1] ECF No. 68. Petitioner objects to the R&R. ECF No. 74. Pursuant to 28 U.S.C. § 636(b), this court conducted a *de novo* review. For the reasons that follow, Petitioner's objection is **OVERRULED** and the R&R is **ADOPTED** and **AFFIRMED**. Petitioner's motion to amend is **DENIED**.

---

[1] The R&R also granted Respondent's motion to hold answer in abeyance and Petitioner's motion to waive attorney client privilege.

Pursuant to a negotiated plea agreement, Petitioner was convicted of two counts of violating the Hobbs Act, 18 U.S.C. § 1951, and two counts of brandishing a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). ECF No. 49-1. Petitioner was originally sentenced on February 13, 2017. ECF No. 47. On February 14, 2017, that judgement was amended to correct a clerical error pursuant to Rule 36 of the Federal Rules of Criminal Procedure. ECF No. 49-1. The amended judgment of sentence was entered on February 15, 2017. *Id.* Although Petitioner had fourteen days, or until March 1, 2017, to file a notice of appeal of that judgement, he did not do so until June 14, 2017. ECF No. 53. On September 1, 2017, the Sixth Circuit Court of Appeals dismissed *sua sponte* Petitioner's untimely appeal. ECF No. 56.

Petitioner subsequently filed a motion to vacate asserting that he was denied the effective assistance of trial counsel. ECF No. 60. In particular, Petitioner alleges that his counsel allowed him to enter a guilty plea while he was taking prescription medications that impacted his ability to understand the plea proceedings, and that counsel failed to review with Petitioner, or object to, the Presentence Investigation Report. *Id.*

On March 16, 2018, the Court received Petitioner's motion to amend in an envelope postmarked March 14, 2018. ECF No. 65 at PageID # 220. The motion to amend seeks to add a new claim that Petitioner's counsel performed ineffectively by failing to object to a purported defect in the indictment. *Id.* at

PageID ## 215–16. Specifically, Petitioner alleges that the although the indictment indicated that he was being charged with two counts of violating 18 U.S.C. § 1951, the indictment failed to specify whether he was charged with violating section (a) or section (b) of that statute. ECF No. 65, PageID # 216. The Magistrate Judge recommended that Petitioner's motion to amend be denied as futile because his proposed claim is time-barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255(f), and it does not relate back to the claims that Petitioner made in his initial motion to vacate. ECF No. 68.

When analyzing the timeliness of Petitioner's motion to amend, the Magistrate Judge used the original sentence date of February 13, 2017. *Id.* at PageID # 229. In this *de novo* review, the Court instead uses the amended judgment entry date of February 15, 2017, but finds that use of that later date does not impact the Magistrate Judge's analysis or recommended outcome. After the amended judgment of sentence was entered February 15, 2017, Petitioner had fourteen days, or until March 1, 2017, to file a timely direct appeal. *See* Fed. App. R. 4(b)(1)(A). He did not do so. Consequently, the AEDPA's one-year statute of limitations to file a motion to vacate began running on March 2, 2017, and it expired one year later on March 2, 2018. *See* 28 U.S.C. § 2255(f)(1). Petitioner's motion to amend was received, however, on March 16,

2018, in an envelope postmarked March 14, 2018. Therefore, as the Magistrate Judge correctly concluded, Petitioner's motion to amend was untimely.

The Magistrate Judge also accurately explained that when a proposed claim is barred by the AEDPA's statute of limitations, amendment is futile unless the proposed claim relates back to claims made in a timely-filed motion to vacate. *See Dado v. United States*, No. 17-2013, 2018 WL 1100279, at *3 (6th Cir. Feb. 15, 2018) (citing *Mayle v. Felix*, 545 U.S. 644, 650 (2005)); *United States v. Clark*, 637 Fed. App'x. 206, 209 (6th Cir. 2016); *Howard v. United States*, 533 F.3d 472, 475–76 (6th Cir. 2008); *see also Rhodes v. United States*, No. 2:15-cv-2756, 2:12-cr-122, 2017 WL 3658845, at *5 (S.D. Ohio August 23, 2017) (citing *Arrick v. United States*, Nos. 2:16-cv-00531, 2:14-cr-108(1), 2016 WL 5858945, at *3 (S.D. Ohio Oct. 7, 2016) (explaining that new claims of ineffective assistance of counsel do not relate back to timely-filed claims of ineffective assistance of counsel when the new claims are based on different sets of facts)). The Magistrate Judge rightly reasoned that Petitioner's proposed claim, which is related to counsel's performance with regard to a defect in the indictment, does not relate back to his original ineffective assistance claims, which are related to counsel's performance during the plea proceedings and when reviewing the Presentence Investigation Report. As explained by the Magistrate Judge, the proposed indictment-related claim "asserts new grounds for relief supported by facts that differ in both time and type" from those set forth in the original motion to

vacate. *See Dado,* 2018 WL 1100279, at *3 (citing *Mayle,* 545 U.S. at 650). Because the proposed claim and the original claims do not arise from the same "common core of operative facts," the Magistrate Judge correctly found that the proposed claim did not relate back to the original claims and that amendment was futile. *See Clark,* 637 Fed. App'x. at 209.

Petitioner does not object to the Magistrate Judge's timeliness analysis or to the determination that the proposed claim does not relate back to the original claims. ECF No. 74. Instead, Petitioner asserts that defects in the indictment rendered it void. *Id.* at PageID # 255. Accordingly, Petitioner has failed to challenge the sound reasoning in the R&R and the Court can find no reason not to adopt it.

The Court also notes that even if Petitioner's proposed claim was not time-barred, it lacks merit and amendment would still be futile. As Petitioner correctly contends, the indictment indicates that he was charged with violating two counts of § 1951, but it does not specify if he was charged with violating section (a) or section (b) of that statute. ECF No. 65-1. Nevertheless, section (a) of § 1951 describes the elements of the crime (interference with commerce by threats or violence) while section (b) contains definitions of terms used in section (a). 18 U.S.C. §§ 1951 (a), (b). The citation to § 1951, without more, therefore constitutes the "customary citation of the statute" that Petitioner was alleged to have violated in compliance with Rule 7(c)(1) of the Federal Rules of Criminal

Procedure. ("For each count, the indictment . . . must give the official or customary citation of the statute . . . that the defendant is alleged to have violated.")

Moreover, "[t]he fact that an indictment contains a miscitation of a statute is not grounds for dismissing the indictment unless the defendant is misled thereby." *United States v. Garner*, 529 F.2d 962, 966 (6th Cir. 1976); *see also* Fed. R. Crim. Proc. 7(c)(3) ("Unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment . . . .") Indeed, "the recitation of specific facts contained within the indictment, alone, is sufficient to adequately inform the defendant [ ] of the nature of the charges." *Garner*, 529 F.2d at 966; *see also United States v. Groff*, 643 F.2d 396, 402 (6th Cir. 1981) (citing *United States v. West*, 562 F.2d 375, 378–79) (6th Cir. 1977) (explaining that a court must look at the facts alleged in the indictment to determine whether an offense has been properly charged). The Court has reviewed the indictment and finds that its statement of facts adequately notified Petitioner of the offenses with which he was charged. Thus, even if the omission of section (a) or (b) from the indictment constituted a citation error, the indictment was sufficient.

For these reasons, the R&R, ECF No. 68, is **ADOPTED** and **AFFIRMED**.

Petitioner's motion to amend, ECF No. 65, is **DENIED**.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**