# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

               Plaintiff,        :        Case Nos. 2:16-cr-059
                                                   2:18-cv-120


                                   District Judge Michael H. Watson
  -  vs  -                           Magistrate Judge Michael R. Merz

RAMONE L. WRIGHT,

               Defendant.       :

## REPORT AND RECOMMENDATIONS

      This is a case initiated by a Motion to Vacate under 28 U.S.C. § 2255 filed by Defendant Ramone Wright on February 14, 2018 (ECF No. 60). On June 13, 2018, the United States filed its Answer (ECF No. 77). Defendant then filed his Traverse on July 5, 2018, making the case ripe for decision (ECF No. 80). The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the workload in the District (Order, ECF No. 83).

**Litigation History**

      Defendant was indicted March 17, 2016, on two counts of violating the Hobbs Act, 18 U.S.C. § 1951, and two counts of brandishing a firearm in the course of the Hobbs Act violations (Indictment, ECF No. 12). The trial was continued on a number of occasions, in part because of

change of counsel and in part to permit a psychiatric evaluation and competency determination. Ultimately the Defendant entered into a written Plea Agreement with the United States which provides in pertinent part that Defendant would plead guilty to the four counts in the Indictment with an agreed sentence of fifteen years imprisonment, pursuant to Fed. R. Crim. P. 11(c)(1)(C). As part of the Plea Agreement, Wright waived his right to appeal or file for collateral relief, but retaining the right to go forward with claims of ineffective assistance of trial counsel or prosecutorial misconduct (ECF No. 39).

After the required colloquy under Fed. R. Crim. P. 11 (ECF No. 52), Judge Watson accepted Wright's pleas as contemplated by the Plea Agreement and found him guilty. After considering a presentence investigation report, Judge Watson imposed the agreed-upon sentence (ECF No. 49). Wright appealed, but the Sixth Circuit dismissed the appeal because the Notice of Appeal was untimely filed. *United States v. Wright*, No. 17-3642 (6th Cir. Sept. 1, 2017) (unreported; copy at ECF No. 56). Wright next filed the instant Motion to Vacate, pleading two grounds for relief:

> **Ground One:** Ineffective Assistance of Counsel
>
> **Supporting Facts:** Mr. Ramone L. Wright was denied his Sixth Amendment right to effective assistance of counsel that guaranteed by the Constitution when court-appointed counsel Mr. Kevin Durkin knowingly allowed Mr. Ramone L. Wright to have a (Plea Agreement) while on the prescription drug (Remeron) that affected Mr. Ramone L. Wright to understand anything doing [sic] the plea agreement proceeding. See Plea Agreement Docket #50 filed 5-8-2017 page 4 of 19 page no. 160 (Remerson) make [sic] people who take it disorientated [sic] with hallucination.
>
> **Ground Two:** Ineffective Assistance of Counsel
>
> **Supporting Facts:** Mr. Ramone L. Wright was denied his Sixth Amendment right to effective assistance of counsel that guaranteed

> by the Constitution when counsel Kevin Durkin failed to review Mr. Ramone L. Wright Presentence Investigation Report with him and counsel failed to make any (objection) at sentencing that prejudice[d] Mr. Ramone L. Wright at sentencing.

(Motion, ECF No. 60, PageID 195-96.)

**Positions of the Parties**

The United States responds to Wright's ineffective assistance of trial counsel assertions by asserting that both the transcript of the plea proceeding and the Declaration of Kevin Durkin show that Durkin did not provide ineffective assistance of trial counsel. (Answer, ECF No. 77, citing Declaration, ECF No. 79.)

In his Traverse, Wright makes the point that at the plea hearing, he said in open court that he was on Remeron. He then recites facts about the length of a recess, his wavering about pleading guilty or going to trial, and comments made by the judge, Mr. Durkin, and the prosecutor during that hearing. He concludes by arguing his plea was not knowing, intelligent, and voluntary, claiming he had good reason to go to trial (ECF No. 80, PageID 283-85.) He attaches a three-page description of Remeron, apparently from the Walters Kluwer online clinical drug information web site. *Id*. at PageID 286-88. He then attaches an unsworn affidavit supporting his claim that his plea was not knowing, intelligent, and voluntary with a one-page excerpt from the plea colloquy (PageID 289-90). PageID 291-92 are labeled as an Affidavit, but are unsworn and unsigned. PageID 294 purports to be a page from ECF No. 51, but it is not. PageID 295 is a half-page document labeled Memorandum of Facts. PageID 296-304 are copies of various documents from the record. PageID 305-13 appear to be various documents exchanged between Wright and Durkin. PageID 314 is labeled "Statements of Facts" and has attached PageID 170 from the plea

colloquy. PageID 316 is labeled "Government's Answer to Petitioner's 28 U.S.C. 2255 Motion" and has an attached page from the Plea Agreement. The conclusion states again that Durkin knew Wright's judgment was affected by the medication (PageID 318). Wright claims he was both in fear of his life and suicidal during the plea colloquy and "agreed to plead guilty because he feared his Lawyers advise [sic]." *Id*.

## Legal Standard

Both of Wright's claims purport to be for ineffective assistance of trial counsel. The governing standard for ineffective assistance of trial counsel was adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires

4

> that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel=s challenged conduct, and to evaluate the conduct from counsel=s perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

# Analysis

**Involuntary Plea**

Much of Wright's argument in his Traverse is centered on a claim that his guilty plea was not knowing, intelligent, and voluntary. A plea of guilty or no contest is valid if, but only if, it is entered voluntarily and intelligently, as determined by the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *Abdus-Samad v. Bell*, 420 F.3d 614, 631 (6th Cir. 2005); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994);

*Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984).

However, "the voluntariness and intelligence of a guilty plea can be attacked on collateral review [i.e., in a 2255 motion] only if first challenged on direct review." *Bousley v. United States,* 523 U.S. 614 (1998). Wright gave up his right to make any challenge on direct review by agreeing in the Plea Agreement that he would not appeal, with exceptions not material here. A defendant in a federal criminal case may waive his right to appeal so long as the waiver is valid. *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017); *United States v. Beals*, 698 F.3d 248, 255 (6th Cir. 2012); *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012); *United States v. Wilson*, 438 F.3d 672, 673 (6th Cir. 2006); *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004); *United States v. Fleming,* 239 F.3d 761, 763-64 (6th Cir. 2001).

**Ground One: Ineffective Assistance of Trial Counsel at Plea Proceeding**

In his First Ground for Relief, Wright asserts Durkin was ineffective for letting him plead guilty while under the influence of Remeron.

Certainly the fact that Wright was taking Remeron was not a secret. Wright himself announced it aloud in the plea proceedings. Moreover, it was apparently not illicitly taken: it is a prescription drug and Wright was in custody, so presumably taking it under custodial supervision.

In addition, any alleged impact on Wright's judgment is not corroborated. He himself told Judge Watson that it did not affect his judgment (Transcript 12/21/2016, ECF No. 52, PageID 160), and Durkin avers in his Declaration that it did not appear to have any adverse effect on

Wright's judgment. The Clinical Drug Information supplied by Wright does not suggest that Remeron is a narcotic, but rather that it is an antidepressant (see ECF No. 80, PageID 286).

Prior to the plea colloquy, Wright had received a psychiatric evaluation and been found competent to stand trial, both by the evaluators and by Judge Watson. Durkin specifically avers that he had seen no deterioration in Wright's mental condition since his return from the evaluation. The Magistrate Judge also notes that the Plea Agreement itself was signed December 5, 2016, sixteen days before the plea colloquy.

It certainly is not per se deficient performance to allow a client to plead guilty while under the influence of a mood-altering prescribed medication. Indeed, if the medication is prescribed to help stabilize a client's mood, it would be inadvisable and perhaps deficient performance to attempt to have him or her weaned from the medication prior to a plea.

In sum, Wright has not established that Durkin performed deficiently in the plea colloquy process.

Nor has he established any prejudice. The Plea Agreement provided a very substantial "discount" from the sentences Wright would have faced had he lost at trial.[1] The sentence was agreed upon, so that if Judge Watson imposed a higher sentence, he had the ability to withdraw his plea.

Wright suggests he could have won at trial, but the statement of facts indicates there were two law enforcement eyewitnesses to his participation in the robbery of the O'Reilly Auto Parts Store (Tr., ECF No. 52, PageID 170). Mr. Durkin indicated there was no disagreement with the statements of facts as to the O'Reilly store or the IGA in Count 3, and Wright agreed with that statement. *Id.* at PageID 171-72.

---

[1] Judge Watson advised Wright that the maximum possible penalty was four twenty-year sentences (Transcript, 12/21/2016, ECF No. 52, PageID 159).

Apart from the alleged impact of the Remeron, Wright alleges in his Traverse that Durkin somehow coerced him into pleading guilty. Indeed, at one point during the plea colloquy, he stated he wanted to go to trial, although he withdrew from that position after discussion with Durkin and the prosecutor during a recess. However, Wright did not attempt to withdraw his plea at any time after he entered it and before sentencing. Nor did he attempt to do so after sentencing.

Accordingly, Wright has not established that Durkin provided ineffective assistance of trial counsel in the plea process.

**Ground Two: Ineffective Assistance at Sentencing**

In his Second Ground for Relief, Wright claims he received ineffective assistance of trial counsel from Mr. Durkin at sentencing because Durkin did not review the Presentence Investigation Report with him and raised no objections at sentencing.

In his Declaration, Durkin avers that he spent an hour to review the PSI with Wright on January 23, 2017, and another fifty-four minutes on January 31, 2017, after which Wright had no objections. (ECF No. 79, PageID 281, ¶ 9.) Wright offers no rebuttal to that point. Wright furthermore offers no objections which, in the exercise of zealous representation, Mr. Durkin should have raised at sentencing.

Wright also shows no prejudice with respect to his ineffective assistance of trial counsel claims in Ground Two. He pleaded guilty pursuant to Fed. R. Crim.P 11(c)(1)(C) and had an agreed sentence which is the sentence actually imposed. No objections Durkin could have made during the presentence investigation or at sentencing would have affected that agreement.

**Conclusion**

Ramone L. Wright's two Grounds for Relief are without merit and should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 9, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).