# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**Ramone L. Wright,**

    **Movant,**

v.

**United States of America,**

    **Respondent.**

Crim. Case No. 2:16-cr-59
Civ. Case No. 18-cv-120
Judge Michael H. Watson
Magistrate Judge Michael R. Merz

## OPINION AND ORDER

On May 9, 2019, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Movant's motion to vacate under 28 U.S.C. § 2255 be denied. ECF No. 84. Movant has objected to the R&R. ECF No. 86. Pursuant to 28 U.S.C. § 636(b), this court has conducted a *de novo* review. For the reasons that follow, Movant's objections are **OVERRULED**. The R&R is **ADOPTED** and **AFFIRMED**. The motion to vacate is **DENIED**. ECF No. 60. The Court **DISMISSES** this action; **DECLINES** to issue a certificate of appealability; and **CERTIFIES** that any appeal would be objectively frivolous.

Pursuant to a negotiated plea agreement, Movant was convicted of two counts of violating the Hobbs Act, 18 U.S.C § 1951, and two counts of brandishing a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). ECF No. 49-1. Movant challenges that conviction in his motion to vacate, alleging that he received ineffective assistance of counsel

during plea negotiations because counsel allowed him to plead guilty while he was taking the prescription drug Remeron. The Magistrate Judge concluded that Movant had failed to demonstrate that counsel's performance was deficient under *Strickland v. Washington*, 466 U.S. 668 (1984) because Movant failed to produce any evidence indicating that the prescription pills impacted his judgment.

Movant objects to this conclusion because "Remeron was prescribed to [Movant] for anti-psychotic symptoms by a licensed psychiatrist. Remeron document that was submitted to the court was provided by BOP official record (medical file)." ECF No. 86, at PAGE ID #341. Movant further objects because the Magistrate Judge is not a licensed psychiatrist. *Id*. These objections are without merit. The issue is not why Movant was taking the pills, or if he was taking them because a doctor had prescribed them. The issue is whether the pills impacted Movant's ability to understand the plea proceedings. Movant has produced no evidence indicating that they did. As the Magistrate Judge correctly noted, at the plea hearing Movant testified that he was taking Remeron but that it did not affect his ability to understand the proceedings. *Transcript*, ECF No. 52, at PAGE ID # 160. That statement is entitled to a great presumption of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). In addition, the side effects listed in the drug information pamphlet that Movant has submitted do not indicate that the drug might cause issues that could impact understanding. ECF No. 80, at PAGE ID # 287. Therefore, Movant's late breaking and conclusory

assertion that he was unable to understand the nature of the proceedings because he was taking Remeron— which flatly contradicts the statement that he made in open court— is simply not enough to overcome the presumption of truthfulness afforded to his in-court statement.

Moreover, the Undersigned recalls Movant's demeanor and appearance in open court during the plea hearing. Movant appeared lucid and capable of understanding the nature of the proceeding. He was given time to consider his position, how he wished to proceed, and to consult with his attorney. He answered the Court's questions under oath in a cogent and coherent manner including the Court's question about whether the Remeron impacted his ability to understand the proceedings. The Court's impression is buttressed by the fact that defense counsel indicated at the hearing that he had no problem speaking with Movant during a recess, *Transcript*, ECF No. 52, at PAGE ID # 162, and by counsel's subsequent declaration, which avers that Movant's abilities did not appear to be impacted by his medications, *Affidavit*, ¶ 7, ECF No. 79, at PAGE ID # 281. For these reasons, Movant's objection is **OVERRULED**, and the Magistrate Judge's conclusion is **ADOPTED** and **AFFIRMED**.

The Magistrate Judge also reached a number of other conclusions. With regard to counsel's performance during plea negotiations, the Magistrate Judge concluded that Movant failed to establish that counsel's performance was prejudicial under *Strickland* given that the plea agreement resulted in a sentence

that was significantly lower than the one Movant risked receiving at trial given the substantial evidence of his guilt. The Magistrate Judge also concluded that Movant failed to establish deficient performance or prejudice with regard to his claim that counsel was ineffective for failing to review with him the Presentence Investigation Report or raise objections at the sentencing hearing. Further, the Magistrate Judge concluded that Movant had waived a number of claims related to the voluntariness of his plea— claims raised for the first time in his Reply— because he had waived the right to directly appeal his conviction subject to certain exceptions. Movant failed to object to any of these conclusions. Therefore, they are **ADOPTED** and **AFFIRMED**. The Court agrees with the Magistrate Judge and finds that Movant is not entitled to relief on any of the grounds that Movant raised in the motion to vacate or that he raised for the first time in his Reply.

In his objections, Movant also raises new grounds that he did not assert in his motion to vacate. Specifically, Movant alleges that his plea was not knowing, intelligent, and voluntary because the government failed to disclose materials in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and because of judicial involvement in plea negotiations. Because neither of these ground for relief were alleged in the motion to vacate, they were not before the Magistrate Judge when the R&R was issued.

In any event, the Court finds that Movant's attempts to amend his motion and bring these new grounds are barred by the statute of limitations. The amended judgment of sentence was entered February 15, 2017. ECF No. 49. As a result, Petitioner had fourteen days, or until March 1, 2017, to file a timely direct appeal. *See* Fed. App. R. 4(b)(1)(A). He did not do so. Consequently, the one-year statute of limitations to file a motion to vacate began running on March 2, 2017, and it expired one year later on March 2, 2018. *See* 28 U.S.C. § 2255(f)(1). These new grounds were raised, however, in Movant's objections, which are dated May 23, 2019. These grounds do not relate back to the claims in the original motion to vacate, and thus, amendment is futile. *See Dado v. United States,* No. 17-2013, 2018 WL 1100279, at * 3 (6th Cir. Feb. 15, 2018) (citing *Mayle v. Felix*, 545 U.S. 644, 650 (2005) (finding that district court did not err in denying attempt to amend a motion to vacate; an amended petition does not escape the one-year statute of limitations if it asserts new grounds for relief that rely on alleged facts that differ in both time and type from those alleged in the original pleading)); *United States v. Clark,* 637 F. App'x 206, 209 (6th Cir. 2016) (explaining that "[a] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired") (internal citations omitted); *Howard v. United States*, 533 F.3d 472, 475–76 (6th Cir. 2008). Moreover, Movant does not allege, and the record does not reflect, any basis for tolling the statute of limitations.

For these reasons, the R&R, ECF No. 84, is **ADOPTED** and **AFFIRMED**. The Clerk is **DIRECTED** to terminate ECF Nos. 60 and 84 and enter final judgment.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**