UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,

v().

Case No. 2:16-cr-59

Ramone Wright,

Judge Michael H. Watson

Defendant.

## OPINION AND ORDER

Defendant moves the Court to expunge his records. Mot., ECF No. 183. Presumably, he seeks expungement of his criminal case as well as the post-conviction challenges thereto, but he provides no legal support for his motion nor reason for his request.

Absent statutory authority, a federal court has no jurisdiction over an expungement motion because a court's original jurisdiction over criminal cases expires after such "cases have come and gone[.]" *United States v. Lucido*, 612 F.3d 871, 874 (6th Cir. 2010). Seeing as "Congress has not passed any statute granting the district courts general authority to expunge an otherwise valid criminal conviction[,]" there is no statutory authority for this Court to consider the expungement motion at hand. *United States v. Welch*, No. 1:05-cr-158, 2007 WL 4465256, at *1 (W.D. Mich. Dec. 18, 2007). Lacking a statutory grant of jurisdiction, this Court must rely on ancillary jurisdiction to consider expungement motions.

Although a federal court has ancillary jurisdiction over an expungement motion challenging an unconstitutional conviction,[1] it "lack[s] ancillary jurisdiction over motions for expungement that are grounded on purely equitable considerations—e.g., motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities." *United States v. Field*, 756 F.3d 911, 915 (6th Cir. 2014). Here, Defendant's conviction was decidedly not unconstitutional—as his myriad unsuccessful post-conviction attacks have shown—and he does not provide *any* reason for expungement.

The Court lacks jurisdiction to grant the requested relief and **DENIES** Defendant's motion. The Clerk shall terminate ECF No. 183.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Even then, the Court has jurisdiction to consider only "convictions that, in essence, never should have been entered in the first place," as opposed to convictions "that [were] unproblematic at the outset [that have] become unconstitutional by virtue of the effect it has apparently had on independent third parties . . . ." *United States v. Deer*, 249 F.Supp.3d 876, 877 (N.D. Ohio Apr. 17, 2017). Furthermore, when a court has jurisdiction to consider a motion to expunge, the assertion of jurisdiction "is in any event only available for the district court to manage the proceedings, vindicate the authority, or effectuate the decrees of the district court . . . ." *United States v. Field*, 756 F.3d 911, 916 (6th Cir. 2014).