**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**United States of America,**

**v.** **Case No. 2:16-cr-59**

**Ramone Wright,** **Judge Michael H. Watson**

**Defendant.**

## OPINION AND ORDER

Ramone Wright ("Petitioner") asks the Court to grant him a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) by retroactively classifying him as a "youth offender," ECF No. 234, and retroactively applying Part A of Amendment 821, ECF No. 235. For the reasons below, both motions are **DENIED**.

18 U.S.C. § 3582(c)(2) allows the Court to reduce the term of imprisonment of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 944(o)."[1] The Court's authority to reduce a sentence under this provision is not without limit, however, as the Court can reduce a qualifying term of imprisonment only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Moreover, the Court should

[1] Petitioner does not state in his motions whether the Sentencing Commission has lowered his sentencing range, such that he may invoke 18 U.S.C. § 3582(c)(2). The Court assumes that Petitioner would point to Part A of Amendment 821. But even assuming so, his reduction requests fail, as explained herein.

"consider[ ] the factors set forth in section 3553(a) to the extent that they are applicable" before granting a sentence reduction. *Id.*

With these principles in mind, the Court turns to Petitioner's motions.

## I. YOUTH OFFENDER REDUCTION

First, Petitioner seeks a "retroactive youth offender" reduction. ECF No. 234. He directs the Court to two prior convictions for crimes he committed when he was 23 and 25 years old, respectively, and urges the Court to "consider the mitigating qualities of youth." ECF No. 234 at PAGEID ## 1144, 1146.

The Court construes Petitioner's motion as referencing Amendment 829 to the United States Sentencing Guidelines ("U.S.S.G."), which became effective in November 2024. Amendment 829 updated the policy statement in U.S.S.G. § 5H1.1 to address a "defendant's youthfulness at the time of the offense or prior offenses," noting that "[a] downward departure [ ] may be warranted" because of a defendant's youthfulness. Amendment 829 also identified "[c]ertain risk factors" that "may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems." U.S.S.G. § 5H1.1.

However, regardless of Petitioner's age when he committed the prior offenses (or the offenses in this case, for that matter), Amendment 829 is not a basis for reducing his sentence because that amendment was repealed (in full) in 2025. *See* U.S.S.G. § 5H1.1 (effective Nov. 2025); *United States v. Murray*, No. 3:20-CR-21, 2026 WL 139242, at *1 (S.D. Ohio Jan. 20, 2026) (acknowledging repeal). Even if this were not the case, a reduction here would not be "consistent

with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Specifically, the policy statement in U.S.S.G. § 1B1.10(a)(2)(A) provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . none of the amendments listed in subsection (d) is applicable to the defendant." U.S.S.G. § 1B1.10(d), in turn, outlines the amendments "covered by this policy statement," and Amendment 829 is not included in that list. *See* U.S.S.G. § 1B1.10(d). Although Petitioner claims "retroactivity," Amendment 829's exclusion from the list of retroactive amendments set forth in U.S.S.G. § 1B1.10(d) indicates otherwise. *See, e.g., United States v. Edwards*, No. 1:21-CR-126-3, 2025 WL 987742, at *2 (N.D. Ohio Apr. 2, 2025) ("Amendment 829 is not listed among the amendments given retroactive effect, and it cannot, therefore, support a reduction."); *Murray*, 2026 WL 139242, at *1 (same). Amendment 829, then, is not a ground on which the Court could reduce Petitioner's sentences under 18 U.S.C. § 3582(c)(2).[2]

[2] Moreover, the Court notes that it would exercise its discretion to deny Petitioner's request for a sentence reduction even if Amendment 829 was still valid and was also retroactive (or if Petitioner is not referencing Amendment 829 at all), based on the 18 U.S.C. § 3553(a) sentencing factors. Petitioner admits that his crimes (armed robbery) are "serious," ECF No. 234 at PAGEID # 1144, and though the Court is encouraged by Petitioner's behavior in prison and low-risk recidivism level, Petitioner has a significant criminal history. The nature and circumstances of the offenses also highlight the need for general deterrence and the need to protect the public from any further crimes committed by Petitioner. Finally, the Court took Petitioner's age into account when imposing its sentence.

## II. AMENDMENT 821 REDUCTION

Petitioner next seeks a reduction based on Part A to Amendment 821, which became effective in November 2023. ECF No. 235.

Prior to Amendment 821's enactment, two "status points" were added when determining a defendant's criminal history if the defendant committed his federal offense while "under any criminal justice sentence," including probation, parole, supervised release, imprisonment, work release, or escape status. U.S.S.G. § 4A1.1(d) (effective Nov. 2018). Now, pursuant to Part A of Amendment 821, a defendant will be assessed one status point when determining his criminal history if the defendant otherwise has seven or more criminal history points and committed the instant offense under "any criminal justice sentence." U.S.S.G. § 4A1.1(e) (effective Nov. 2023). Part A effectively eliminates status points for defendants with six or fewer criminal history points.[3]

Here, Petitioner was initially assessed a criminal history score of seven, but that score was reduced to six upon the application of U.S.S.G. § 4A1.1(c), resulting in a criminal history category III. ECF No. 169 (sealed). But none of those points were status points—in other words, Petitioner did not commit his federal offenses while under any criminal justice sentence, so two status points

[3] Insofar as Petitioner understands Part A to "eliminate" *all* of his criminal history points, *see* ECF No. 235 at PAGEID # 1149, his understanding is mistaken. As applied, Part A simply means that offenders do not receive any *additional* points upon a determination that they have six or fewer criminal history points. *See, e.g., United States v. Burton*, No. 4:21-CR-39-1, 2024 WL 4981093, at *2 (W.D. Ky. Dec. 4, 2024) ("[T]he terms of the Amendment were already applied to his sentence. Burton had an initial criminal history score of 12 before adding 1 status point, for a total criminal history score of 13[.]").

were not added. *See id.* Applying Part A of Amendment 821 would thus have no effect, and it does not provide a basis for a sentence reduction.

Even if this was not the case, a sentence reduction under Amendment 821 is not automatic—the reduction must still be "consistent with the applicable policy statements" and granted upon consideration of the 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. 3582(c)(2). As the Court noted above in Footnote 2, the § 3553(a) factors in this case do not warrant a sentence reduction.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's motion for a sentence reduction pursuant to his "youthful offender" status, ECF No. 234, and Petitioner's motion for a sentence reduction pursuant to Amendment 821, ECF No. 235. The Clerk shall terminate ECF Nos. 234 and 235.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**